# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00213-CV

**Edward M. Edson, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GV-12-000116, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State of Texas filed a motion to dismiss this appeal for lack of jurisdiction arguing that the notice of appeal filed by Edward M. Edson is untimely. *See* Tex. R. App. P. 26.1. For the reasons that follow, we will grant the motion.

After the time for filing a notice of appeal and seeking an extension of time to file the notice of appeal have expired, a party cannot invoke an appellate court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *see also* Tex. R. App. P. 25.1(b) (filing of notice of appeal invokes appellate court's jurisdiction over parties). Here, Edson filed a notice of appeal on April 7, 2014, challenging a November 5, 2013 judgment in the underlying suit.

Before filing his notice of appeal, Edson filed a timely motion for new trial. *See* Tex. R. Civ. P. 329b(a) (motion for new trial is timely if filed within thirty days after judgment is signed). The timely filing of a motion for new trial extends the appellate timetable by ninety days. *See* Tex. R. App. P. 26.1(a) (certain postjudgment motions extend time for filing notice of appeal). As such, Edson's timely motion for new trial extended the deadline for filing his notice of appeal

by ninety days from the date that the judgment was signed to February 3, 2014. *See id.* Edson might have obtained an extension of time for filing his notice of appeal until February 18, 2014, but that time has also expired. *See* Tex. R. App. P. 26.3 (notice-of-appeal deadline may be extended if, within fifteen days after deadline, appellant files notice of appeal in trial court and files proper motion for extension of time in appellate court). Edson did not file his notice of appeal until April 7, 2014.

On May 14, 2014, we requested that Edson file a response to the State's motion to dismiss. *See* Tex. R. App. P. 42.3(a). Edson filed a response acknowledging that the time for filing his notice of appeal and for seeking an extension of time to file his notice of appeal have expired. Nevertheless, on May 28, 2014, Edson filed a motion for extension of time to file his notice of appeal. We lack jurisdiction to grant that untimely motion. *See* Tex. R. App. P. 2 (prohibiting appellate courts from construing rule to alter time for perfecting appeal in civil case), 25.1(b), 26.3; *Verburgt*, 959 S.W.2d at 617.

Because Edson's April 7, 2014 notice of appeal from the November 5, 2013 judgment is untimely, we lack jurisdiction over this appeal. *See* Tex. R. App. P. 25.1(b), 26.1; *Verburgt*, 959 S.W.2d at 617. We grant the State's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Dismissed on Appellee's Motion

Filed:   June 5, 2014